Page 1 of 12

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MELVIN BERNARD THOMPSON,**
**DOC # 959252,**

    Plaintiff,

vs.                                                      Case No. 4:24cv165-AW-MAF

**CENTURION OF FLORIDA, LLC,**
**JASON THOMAS BRENES-CATINCHI,**
and **JACQUELINE SMITH,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending in this case are two motions - Defendants' motion to dismiss, ECF No. 42, and the pro se Plaintiff's motion for a preliminary injunction, ECF No. 26. This Report and Recommendation addresses only Plaintiff's motion as Plaintiff still has until November 1, 2024, to file his opposition to the motion to dismiss. *See* ECF Nos. 50-52.

Defendants filed a response in opposition to Plaintiff's motion on September 4, 2024, ECF No. 45, along with a supplement, ECF No. 46, to that response. The motion is ready for a ruling.[1]

This is a prisoner civil rights case challenging the medical care Plaintiff has received. ECF No. 1. Plaintiff is serving a life sentence and has been diagnosed with Osteo-Chondritis-Avascular Necrosis ["Osteoecrosis"]. *Id.* at 5. Osteonecrosis is bone death caused by poor blood supply, most commonly found in the hip and shoulder, but it can affect other large joints such as the knee, elbow, wrist, and ankle.[2] Plaintiff was also diagnosed with shingles, postherpetic neuralgia,[3] and he has mobility issues along with a hearing impairment. ECF No. 1 at 5. Plaintiff received pain management treatment and therapies, although Plaintiff contends they have not been effective. *Id.* He further alleged that the failure to provide treatment was "punishment" for his filing of grievances

---

[1] Notably, Plaintiff requested permission to file a reply memorandum to Defendants' response. ECF No. 54. That motion was denied, ECF No. 55, and Plaintiff objected to that Order, ECF No. 57. Plaintiff's objections were overruled, ECF No. 58, but have been noted by the undersigned.

[2] https://medlineplus.gov/ency/article/007260.htm.

[3] Postherpetic neuralgia is a common complication of shingles, causing a burning pain in nerves and skin. See https://www.mayoclinic.org/diseases-conditions/postherpetic-neuralgia/symptoms-causes/syc-20376588.

against medical staff.  *Id.* at 5-6.  Plaintiff said that Defendants were advised that he continued to be in pain, but no action was taken to alleviate his pain.  *Id.* at 8, 9-10.

Plaintiff was transferred to the Regional Medical Center and was provided "a host of effective pain medications."  ECF No. 1 at 10.  He remained there for almost a year, but after he was returned to the CFRC [Central Florida Reception Center], Plaintiff was told he could no longer receive Gabapentin to treat his pain.  *Id.*  Plaintiff alleged that he received no alternative treatment.  *Id.* at 11.  In June 2022, Plaintiff was transferred back to RMC but was still unable to be prescribed Gabapentin, allegedly "due to cost concerns."  *Id.*  He contends, however, that in September 2022, he was transferred "back to CFRC with an active prescription of Gabapentin."  *Id.* at 12.  After some difficulty, Plaintiff was able to receive the medication for a period of time, but when the prescription expired, no effective medications were provided.  *Id.*

According to Plaintiff, Gabapentin is allowed in some facilities, but not at others.  *Id.* at 13.  A substitute drug was proscribed, but soon was discontinued for medical reasons.  *Id.*  Plaintiff was transferred back to RMC in April 2023 and was again provided Gabapentin.  *Id.* at 14.

However, in February 2024, Plaintiff was no longer provided Gabapentin. *Id.* Plaintiff was provided Cymbalta, which he states was effective with osteoarthritis, but does not treat his postherpetic neuralgia. *Id.* Plaintiff contends that cost saving measures are denying him medications which treated his pain. ECF No. 1 at 14. Further, he contends he suffers from pain on a daily basis, is not given effective medications, and is "treated as a nuisance rather than a patient." *Id.* As relief for the alleged constitutional violations, Plaintiff seeks compensatory and punitive damages, a declaratory judgment, and preliminary injunctive relief. *Id.* at 15.

**Plaintiff's Motion for a Preliminary Injunction, ECF No. 26**

In July 2024, Plaintiff filed a motion requesting Defendants be enjoined from acts of retaliation and that they be required to provide Plaintiff with medical treatment. ECF No. 26 at 1. Plaintiff contends he is suffering "unnecessary acute pain" and his condition has worsened. *Id.* at 2. He says that he is denied Gabapentin for non-medical reasons (cost concerns) and needs "effective medical treatment" for his postherpetic neuralgia. *Id.* at 4. Plaintiff suggests that he is not provided Gabapentin as "retaliation" for his filing a grievance. *Id.* He maintains that he "is not demanding that he be treated with a specific medication" but, rather, that

he is "provided medically indicated medicine to treat his painful diagnosis [and] serious medical need . . . ." *Id.*

**Defendants' Response, ECF No. 45**

Defendants Centurion of Florida, LLC ("Centurion") and Jason Brenes Catinchi ("Brenes") have filed a response to Plaintiff's motion.[4] ECF No. 45.  Defendants contend that Plaintiff cannot meet his burden on any of the factors required for issuance of a motion for preliminary injunction, and that the likelihood that Plaintiff can "actually succeed on his claims is vanishingly low." *Id.* at 3.  Further, they point out that Plaintiff cannot show irreparable injury, evident by the fact that Plaintiff's complaint includes a demand for compensatory and punitive damages.  *Id.* at 7.

**Standard of Review**

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary

---

[4] Plaintiff also named a third Defendant in this case, Jacqueline Smith.  ECF No. 1.  That Defendant has only recently been served with process and a notice of appearance filed on September 30, 2024.  ECF No. 56.  A responsive pleading is due from that Defendant by October 28, 2024.  *See* ECF Nos. 48, 55.

injunctive relief may be granted only if the moving party establishes four factors:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). Because a preliminary injunction is an extraordinary and drastic remedy, it should not be granted unless the movant "clearly carries the burden of persuasion" of all four of the factors. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

As for the first factor - a substantial likelihood of success on the merits - the Constitution requires prison officials to provide medical care for the prisoners in their custody. If an official is deliberately indifferent to a

prisoner's serious medical needs, the official violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)). Additionally, well established case law recognizes that "prison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."  McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999).  If a prisoner alleges that officials know he is in pain, know the treatment provided has been ineffective, yet decline to do anything more to improve his condition over a prolonged period of time, the prisoner has stated a plausible claim that defendants were deliberately indifferent to his serious medical needs.  Estrada v. Stewart, 703 F. App'x 755, 760 (11th Cir. 2017).

As an initial matter, it must be determined whether or not Plaintiff has alleged a serious medical need.  Defendants have not addressed that issue in either their motion to dismiss, ECF No. 42, or their response to Plaintiff's

motion for a preliminary injunction. ECF No. 45. The Court finds that Plaintiff's complaint sufficiently alleges facts to show he has serious medical needs. The ultimate question, therefore, becomes whether Plaintiff has sufficiently alleged facts which show that Defendants were deliberately indifferent to those needs.

Plaintiff's complaint acknowledges that he has been provided medical care and treatment. He has received "a host of effective pain medications," including Gabapentin, off and on over a period of several years. Although medical staff have discontinued prescriptions for that medication, Plaintiff has been provided other medications, most recently Cymbalta, which he said was "effective" with some issues, but did not adequately treat his pain.

"[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (quoted in Estrada, 703 F. App'x at 759). Prisoners are not entitled to their choice of treatment or medications, and a "simple difference in medical opinion" between a prisoner and his medical providers is insufficient to state a claim. Waldrop, 871 F.2d at 1033; Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although Hamm may have desired different modes of treatment, the care the jail provided

did not amount to deliberate indifference"). This issue is fatal to Plaintiff's first factor - a substantial likelihood of success on the merits. Because Plaintiff has been provided medication, even though it is not the one he desires, and even though he contends it is not as effective as he desires for controlling his pain, Plaintiff has not demonstrated that Defendants were deliberately indifferent to his needs. Thus, it is not substantially likely that Plaintiff will succeed on his Eighth Amendment claim. It is in no way certain that Plaintiff's claim lacks merit, but at this point in the litigation, it cannot be said that Plaintiff faces a substantial likelihood of success.

Furthermore, as noted by Defendants, Plaintiff has requested monetary damages as relief should he be successful in this case. "Irreparable injury 'is the *sine qua non* of injunctive relief.'" Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012)). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990). "The key word in this consideration is *irreparable* . . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily

against a claim of irreparable harm." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am., 896 F.2d at 1285 (quoting Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974)).  Because Plaintiff has an adequate remedy at law should he prevail, he has demonstrated that his injury is not irreparable.

In light of the first two findings, there is no need to consider the remaining two factors.  A Plaintiff must meet all four factors to be entitled to a preliminary injunction.  Plaintiff has not done so and his motion for a preliminary injunction should be denied.

One additional comment is warranted.  Plaintiff's motion also makes allegations of retaliation for filing grievances and "exercising his First Amendment rights, freedom of speech . . . ."  ECF No. 26 at 17.  To the extent that Plaintiff seeks a broad injunction again "ongoing retaliation," *see* ECF No. 26 at 20-21, that request should also be denied.

The First Amendment already "forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's

Case No. 4:24cv165-AW-MAF

administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Farrow, 320 F.3d at 1248). "Obey-the-law" injunctions are unenforceable and invalid. Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999); S.E.C. v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005). Thus, construing Plaintiff's motion broadly as is required for a pro se litigant, it is recommended that this aspect of Plaintiff's motion also be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's verified motion for a preliminary injunction, ECF No. 26, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 23, 2024.

    S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.