IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MELVIN BERNARD THOMPSON,**

    **Plaintiff,**

v.	Case No. 4:24-cv-165-AW-MAF

**CENTURION OF FLORIDA, LLC,
JASON THOMAS BRENES-CATINCHI,
and JACQUELINE SMITH,**

    **Defendants.**

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, a pro se prisoner, seeks a preliminary injunction. ECF No. 26. He contends he is not getting appropriate medical care, and he alleges Eighth Amendment violations. The magistrate judge issued a report and recommendation concluding the court should deny relief. ECF No. 61. Having carefully considered the matter, and having carefully considered de novo all issues raised in Plaintiff's objection (ECF No. 65), I now deny the motion.

I agree with the magistrate judge that Plaintiff has not shown a likelihood of success on the merits. This dooms his motion. *See ACLU of Florida, Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("Failure to show any of the four [preliminary injunction] factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits."). Plaintiff has shown—at best—a disagreement about the appropriate medical care to treat his pain. This is

not enough to show deliberate indifference, which is necessary to sustain an Eighth Amendment claim based on failure to treat. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1273 (11th Cir. 2020) ("A simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment." (cleaned up)). In Plaintiff's own telling, he has received substantial medical care to treat his pain and other conditions. Just not the precise treatment he prefers. At this stage, Plaintiff has not shown any Eighth Amendment violation.

Plaintiff also alleges First Amendment retaliation. He contends Defendants reduced his medical care based on his filing grievances. As a conceptual matter, reducing care in retaliation for protected speech could violate the Constitution, even if the reduced care exceeded what the Eighth Amendment required. But to the extent Plaintiff seeks injunctive relief on this claim, he has not met his evidentiary burden. He has not shown that Defendants did reduce his care based on retaliation.

In sum, because Plaintiff has not shown a likelihood of success on the merits, his motion fails. I do not reach the other preliminary injunction factors.

I now adopt the report and recommendation and incorporate it into this order, with one exception. The magistrate judge suggests (on pages 9-10) that there is no showing of irreparable injury. I do not adopt this portion of the report and recommendation.

The preliminary injunction motion (ECF No. 26) is DENIED.

The magistrate judge will conduct appropriate further proceedings.

SO ORDERED on November 15, 2024.

s/ *Allen Winsor*
United States District Judge
