IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MELVIN BERNARD THOMPSON,**

    **Plaintiff,**

v.                                          Case No. 4:24-cv-165-AW-MAF

**CENTURION OF FLORIDA, LLC,
JASON THOMAS BRENES-CATINCHI,
and JACQUELINE SMITH,**

    **Defendants.**

_____/

**ORDER GRANTING MOTIONS TO DISMISS,
ADOPTING REPORT AND RECOMMENDATION IN PART,
AND DENYING MOTION FOR RECONSIDERATION**

Plaintiff, a pro se prisoner, sued Centurion of Florida (a prison healthcare provider) and two individuals. He alleged ADA violations, Eighth Amendment failure-to-treat claims, and First Amendment retaliation. ECF No. 1. Defendants Centurion and Jason Brenes Catinchi ("Brenes") filed one motion to dismiss. ECF No. 42. The other Defendant—Jacqueline Smith—filed another. ECF No. 62. Plaintiff responded to both. ECF Nos. 64, 71. The magistrate judge issued a report and recommendation, concluding the court should dismiss some claims but not others. ECF No. 73. Plaintiff filed objections (ECF No. 74), to which Defendants

1

Brenes and Smith responded (ECF No. 75).[1] Having carefully considered the matter, and having considered de novo all issues Plaintiff raised in his objections, I now adopt the report and recommendation in part, and I grant both motions to dismiss. I also deny Plaintiff's recent "motion for reconsideration and relief from final judgment." ECF No. 77.

## I.

The magistrate judge correctly set out the standard for a Rule 12(b)(6) motion to dismiss. And like the magistrate judge, I will not consider Plaintiff's various affidavits and other attachments to his responses. The issue for now is whether Plaintiff has stated any plausible claim.

As noted below, Plaintiff will have leave to amend. If he elects to amend, and if Defendants again move to dismiss for failure to state a claim, Plaintiff's response should address only the adequacy of his allegations. And it should cite to those allegations rather than list new ones. A general narrative about mistreatment in response to a motion to dismiss does not help.

## II.

I will start with the ADA claims. Both motions to dismiss argued Plaintiff did not allege sufficient facts to state a claim. Plaintiff took no issue with Defendants'

---

[1] Plaintiff also filed a response to the response. ECF No. 76. This was unauthorized. *See* Fed. R. Civ. P. 72(b)(2). But even if I considered it, it would make no difference.

arguments, saying instead that "in the interest of judicial economy" he agreed to dismiss his ADA claims. ECF No. 64 at 21; *see also* ECF No. 71 at 12. Because I agree Plaintiff did not state a claim, I dismiss his ADA claims on the merits.

The magistrate judge treated Plaintiff's concession as a Rule 41 notice of voluntary dismissal. ECF No. 73 at 26 ("Accordingly, no further action is needed as to the A.D.A. claims and they should be dismissed on Plaintiff's notice."). This was error. "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Circuit "precedent has been consistent on this point for almost two decades." *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023). I do not adopt this portion of the report and recommendation, and I do not treat the concession as a Rule 41 dismissal. The claims are dismissed on the merits.

### III.

I next address the First Amendment retaliation claims, which Plaintiff brought only against the individual defendants. *See* ECF No. 1 at 15. The magistrate judge adequately set out the standard. ECF No. 73 at 23-24.

The magistrate judge recommended dismissing the retaliation claim against Brenes but not the one against Smith. *Id.* at 25. I agree as to Brenes. Plaintiff has not alleged facts showing any plausible connection between his grievances and anything

3

Brenes did. It is not entirely clear what the purported adverse actions were. If Plaintiff repleads, he should make clear (1) what Brenes did to him in retaliation for his grievance(s) and (2) what facts show a causal connection.

I disagree with the magistrate judge's conclusion as to Smith. The magistrate judge concluded "Plaintiff linked Defendant Smith's adverse actions (denying access to sickcall and delaying medical treatment) to his filing of grievances against her and said she became 'angry' because of his grievances." *Id.* (citing ECF No. 1 at 8). The complaint alleges that "upon information and belief, for plaintiff writing grievances," Smith "began a campaign of: denying access to sickcall, to be seen by a provider to provide treatment in a timely manner; for medical emergencies plaintiff filed on September 2nd, and 9th 2020 . . . ." ECF No. 1 at 8. Things like "denying access to sickcall" and disallowing Plaintiff "to be seen by a provider to provide treatment in a timely manner" are vague and conclusory. Regardless, there are no facts alleged from which I could infer that Smith did any of this (or anything else) because of Plaintiff's filing grievances. Plaintiff must allege more.

If Plaintiff repleads a retaliation claim against Smith, he must set out specifically what Smith did and allege facts showing that Smith took those actions because of his grievances. The retaliation claims are dismissed for failure to state a claim.

## IV.

Next are the Eighth Amendment claims. The magistrate judge accurately set out the standard for a failure-to-treat deliberate-indifference claim. And I agree that Plaintiff has not stated any claim against Smith. I disagree, though, with the magistrate judge's conclusion as to Brenes.

The magistrate judge relied on a July 8, 2020 interaction during which, Plaintiff alleges, Brenes gave Plaintiff no pain medication "despite having access to a host of pain medications in a pharmacy room 10-20 feet away." ECF No. 1 at 7. But the lack of pain medication does not plausibly show deliberate indifference. Plaintiff's own allegations say that during this same interaction Brenes "told Plaintiff he would prescribe a NSAID" and advised Plaintiff to keep taking "OTC medications," presumably for pain. *Id.* Plaintiff said he reported the OTC medications were not working, but Brenes told him to take them anyway. After Plaintiff received the NSAIDs and told Brenes they were ineffective, Brenes said he would provide a steroid shot. *Id.* at 7-8.

A prison official acts with deliberate indifference only if he (1) has subjective knowledge of a risk of serious harm and (2) disregards that risk (3) in what amounts to recklessness as defined in the criminal law. *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc); *see also Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Plaintiff here alleged he was provided inadequate medical care. But as the

5

Supreme Court has emphasized, "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Estelle v Gamble*, 429 U.S. 97, 105 (1976)). It takes a lot to show deliberate indifference. "[M]edical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (cleaned up). Thus, "[a] prisoner bringing a deliberate-indifference claim has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020); *accord Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020).

What Plaintiff alleged here is that he did not get the type and amount of care he desired when he desired it. But "the Constitution doesn't require that the medical care provided to prisoners be 'perfect, the best obtainable, or even very good.'" *Keohane*, 952 F.3d at 1266 (quoting *Harris*, 941 F.2d at 1510). Plaintiff alleged lots of care—just not the precise care he wanted. He did not allege, though, medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

All claims will be dismissed. This is with leave to amend, because the Eleventh Circuit requires district courts to grant pro se Plaintiffs at least chance to amend. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled as to*

6

*represented litigants by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc).

## V.

Last, Plaintiff moved for reconsideration of my earlier order denying a preliminary injunction. ECF No. 77. He approached this wrong procedurally; there was no final judgment issued, and Rule 60 does not apply. Still, the court could revisit any interlocutory order, so I will treat this as a general motion for reconsideration. The motion is DENIED because Plaintiff has not shown any basis to reconsider the earlier order. He reargues many of his points, and I decline to consider what he calls "newly discovered evidence." Regardless, he still has not shown a substantial likelihood of success on the merits.

\* \* \*

It is now ORDERED:

1.     The report and recommendation (ECF No. 73) is ADOPTED in part and REJECTED in part. Specifically, I adopt all except for (1) the full paragraph on page 20; (2) the paragraph beginning "Plaintiff's allegations against Defendant Smith" on page 24 and continuing on page 25; (3) section "C," addressing the ADA claim; and (4) the "recommendation" section.

2.     The motions to dismiss (ECF Nos. 42, 62) are GRANTED. All claims are dismissed for failure to state a claim.

8

      3.      Plaintiff will have 21 days to file an amended complaint. Defendants will have 14 days thereafter to respond.

      4.      If Plaintiff does not timely file an amended complaint, final judgment will issue.

      5.      The motion for reconsideration (ECF No. 77) is DENIED.

SO ORDERED on March 27, 2025.

                                                  s/ *Allen Winsor*
                                                  United States District Judge