IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MELVIN BERNARD THOMPSON,**

    **Plaintiff,**

v.                                                              Case No. 4:24-cv-165-AW-MAF

**JASON THOMAS BRENES-CATINCHI**
**and JACQUELINE SMITH,**

    **Defendants.**

_____/

# FINAL ORDER

Plaintiff, a pro se prisoner, sued Centurion of Florida (a prison healthcare provider) and two individuals. His operative complaint omits claims against Centurion but alleges Eighth Amendment failure-to-treat and First Amendment retaliation against Jason Thomas Brenes-Catinchi and Jacqueline Smith. ECF No. 82. Those Defendants moved to dismiss, and the magistrate judge issued a report and recommendation concluding the court should grant that motion. ECF No. 90. Plaintiff filed objections, ECF No. 93, and I have considered de novo the issues he raised.

Having carefully considered the matter, I now adopt the report and recommendation and incorporate it into this order. I also grant the motion to dismiss.

I noted in my earlier order (ECF No. 78) that Plaintiff had not alleged enough to meet the deliberate-indifference standard. He still has not. As before, "Plaintiff

1

alleged lots of care—just not the precise care he wanted. He did not allege, though, medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" ECF No. 78 at 6. Similarly, despite the opportunity to amend, Plaintiff still has not plausibly alleged any First Amendment retaliation claim.

The motion to dismiss (ECF No. 84) is GRANTED. The clerk will enter a judgment that says, "Plaintiff's claims are dismissed on the merits for failure to state a claim." The clerk will then close the file.

SO ORDERED on November 17, 2025.

                                             s/ *Allen Winsor*
                                             Chief United States District Judge